UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
OFFICE

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | )    Cr. No. 04-40015-FDS |
| | ) |
| JONATHAN VEGA, | ) |
| | ) |
| Defendant | ) |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR REVIEW OF DETENTION ORDER

The United States of America, by Michael J. Sullivan, U.S.

Attorney, and John M. Hodgens, Jr., Assistant U.S. Attorney,

hereby files the Government's response in opposition to

Defendant's motion for review of a detention Order entered on

August 17, 2004, a copy of which is attached hereto as Exhibit A.

### Background

Following a hearing, Judge Cohen found on "stiplauted" facts

that on August 6, 2004, while released on conditions pending

trial, the defendant

> was involved in an altercation, during the course of
> which, he was stabbed and required emergency
> hospitalization. At the hospital room, officers
> discovered twelve (12) bags of heroin and cash in the
> amount of $100. The defendant advised at that time that
> a friend "...had given him the drugs to hold."  He was
> subsequently charged in the Worcester District Court on
> charges of possession of heroin with intent to
> distribute, and possession of heroin.

Order, at p.1, n.1.

Based on the foregoing facts, Judge Cohen decided that "[i]n

these circumstances, the defendant, by his own words and deeds,

has demonstrated that no condition or combination of conditions

of release would reasonably assure that the defendant would not pose a danger to the community." Order, at p. 2.

## **Argument**

The Defendant's instant motion proposes a third-party custodian, Paula Baker. Setting aside whether or not Ms. Baker is an appropriate custodian, the Defendant's motion should be denied because: (1) Judge Cohen's detention Order is supported by "stipulated" facts that the Defendant committed a "serious felony under both state and federal law"; and (2) the Defendant has failed to overcome the rebuttable presumption that "no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." See 18 U.S.C. 3148(b).

## **Conclusion**

For the foregoing reasons, Defendant's motion should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By: *John M. Hodgens. Jr.*
    JOHN M. HODGENS, JR.
    Assistant U.S. Attorney

2

ss., Worcester

## CERTIFICATE OF SERVICE

I, John M. Hodgens, Jr., Assistant U.S. Attorney, hereby certify that a copy of the foregoing was served by mail upon the below-named counsel on this the 30th day of September, 2004.

JOHN M. HODGENS, JR.
Assistant U.S. Attorney

James S. Dilday, Esq.
Grayer & Dilday

3

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
04-40015-FDS

UNITED STATES OF AMERICA

v.

JONATHAN VEGA

ORDER OF DETENTION

August 19, 2004

COHEN, M.J.

After hearing, the government's motion for detention pending trial is allowed.

On the occasion of his first appearance before Judge Swartwood, the above-named defendant, notwithstanding clear and convincing evidence that he was an abuser of illegal controlled substances, was ordered released on conditions pending trial. Those conditions included, among other things, the requirement that the defendant no engage in criminal activity, and that the defendant not use any controlled substances.

The record evidence[1] shows that on August 6, 2004, while released on the

---

[1]    The record evidence at the hearing consisted of a police report attached to the Memorandum of Pretrial Services Officer Vangie Cuascut to Judge Swartwood, the fact of which were, for purposes of the hearing before this court, stipulated to by the defendant.

conditions referred to above pending trial on charges of possession and concealment of stolen firearms, was involved in an altercation, during the course of which, he was stabbed and required emergency hospitalization. At the hospital room, officers discovered twelve (12) bags of heroin and cash in the amount of $100. The defendant advised at that time that a friend "...had given him the drugs to hold." He was subsequently charged in the Worcester District Court on charges of possession of heroin with intent to distribute, and possession of heroin.

In the circumstances, the defendant, by his own words and deeds, has demonstrated that no condition or combination of conditions of release would reasonably assure that the defendant would not pose a danger to the community. The record evidence before this court gives this court reason to believe that the defendant, while on conditions of release, possessed heroin with intent to distribute.[2] That is not only a violation of his conditions of release, but also a serious felony under both state and federal law. In these circumstances, where the defendant has already shown that he was will and able to, and indeed, did, possess heroin with intent to distribute, the government has established by clear and convincing evidence that no condition or combination of conditions[3] - short of pretrial detention - would reasonably assure the

---

[2]     At the hearing, defendant proffered, through counsel, the suggestion that he possessed the twelve bags of heroin solely for personal use - *i.e.*, to drown then personal sorrows. In the circumstances, this court finds that suggestion to be incredulous. For one thing, it smack reality that the defendant, with spare change of some $100 in his pockets, and in the middle of a fray which resulted in his stabbing, simply intended to ingest the heroin for that purpose - particularly where he has never suggested that he abused heroin in the past (he advised Pretrial Services that he used marihuana and cocaine in the past). And for another, that suggestion is at odds with his earlier statement to the Worcester Police in which he indicated that a friend "...had given him the drugs to hold."

[3]     And certainly not the conditions suggested by the defendant. He suggested that all would be well if he was confined to his father's house. But it is not clear that his father would permit him to live there. More to the point, however, is the fact that the defendant's father was, according to the Pretrial Services report, also an abuser
(continued...)

safety of the community.

IT IS ACCORDINGLY ORDERED that the defendant be DETAINED pending trial, and it is further Ordered--

(1) That the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) That the defendant be afforded a reasonable opportunity for private consultation with counsel; and

(3) On order of a court of the United States or on request by an attorney for the government, the person in charge of the corrections facility in which the defendant is detained and confined deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3]     (...continued)
of controlled substances in the past. What defendant seeks is akin to putting the fox in the chicken coop - an invitation which this court declines to accept as a reasonable condition of release.