# UNITED STATES DISTRICT COURT
**District of Massachusetts**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>Jonathan Vega | STATEMENT OF REASONS<br><br>Case Number: **4  04 CR 40015 - 001 - FDS**<br>James Dilday<br>Defendant's Attorney |

[x] The court adopts the factual findings and guideline application in the presentence report.

**OR**

[ ] The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary):

[ ] See Continuation Page

**Guideline Range Determined by the Court:**

| | | |
|---|---|---|
| Total Offense Level: | 19 | |
| Criminal History Category: | I | |
| Imprisonment Range: | 30 to 37 | months |
| Supervised Release Range: | 2 to 3 | years |
| Fine Range: | $ $6,000.00 to $ $60,000.00 | |

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 00/00/83
Defendant's USM No.: 80455-038
Defendant's Residence Address:
Federal Custody

02/11/05
Date of Imposition of Judgment

/s/ F. Dennis Saylor IV
Signature of Judicial Officer

The Honorable F. Dennis Saylor IV
U.S. District Judge
Name and Title of Judicial Officer

2/16/05
Date

Defendant's Mailing Address:
Same as above

DEFENDANT: Jonathan Vega
CASE NUMBER: 4 04 CR 40015 - 001 - FDS

## STATEMENT OF REASONS

[X] Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ $390.00

[ ] Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

[ ] For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

[ ] Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

DEFENDANT: Jonathan Vega
CASE NUMBER: 4 04 CR 40015 - 001 - FDS

# STATEMENT OF REASONS

[x] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

[ ] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

**OR**

[ ] The sentence departs from the guideline range:

  [ ] upon motion of the government, as a result of a defendant's substantial assistance, or

  [ ] for the following specific reason(s):

[ ] See Continuation Page

AO 245B  (Rev. 08/04) Criminal Judgment
          Supplemental Statement of Reasons

DEFENDANT:       Jonathan Vega
CASE NUMBER:     4:  04  CR  40015   - 001 - FDS
DISTRICT:

# SUPPLEMENTAL STATEMENT OF REASONS

## APPLICABILITY OF THE FEDERAL SENTENCING GUIDELINES

☑  The court applied the Guidelines and all relevant enhancements in this case.

☐  The court found the Guidelines unconstitutional in part, and imposed a sentence in accordance with the constitutionally applied portions of the Guidelines.

☐  The court did not apply the federal sentencing guidelines at all in this case and imposed a discretionary sentence.

☑  The court took some other action (Please explain below.):

Although the Sentencing Guidelines are merely advisory, the Court has given considerable weight to the Guidelines in determining an appropriate sentence in this case.  The Court acknowledges that it is not required to follow the Guidelines, and may impose a different sentence after consideration of the factors set forth in 18 U.S.C. 3553(a).  After consideration of those factors, and for the reasons stated on the record at the sentencing,  the Court has concluded that there are no clearly identified and persuasive reasons to impose a sentence outside the Sentencing Guidelines, and has therefore imposed a Guidelines Sentence.

☐  This judgment includes an alternative sentence.