UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | CRIMINAL ACTION NO. 04-40015-FDS |
| JONATHAN VEGA,<br>          Defendant, | ) ) ) ) | |

**FINDINGS AND ORDER ON PRELIMINARY
REVOCATION HEARING AND GOVERNMENT'S MOTION FOR DETENTION**
October 25, 2007

HILLMAN, M.J.

### I. Nature of the Offense and the Government's Motion

The Defendant is on a three year term of Supervised Release after serving a 30 month sentence for conspiracy to possess stolen firearms, in violation of 18 U.S.C. §371 and possession of stolen firearms in violation of 18 U.S.C. §922(j).  On April 25, 2007, a Petition and Affidavit for Warrant or Summons for Offender Under Supervision was issued charging that Vega violated his supervised release.  Specifically, Vega is charged with violating the standard condition that he not commit another federal, state or local crime while on release.  He had his initial appearance before this Court (Bowler, M.J.) on October 22, 2007, and was advised of his right to a preliminary revocation hearing.  The Government moved to detain Vega.  A probable cause/ detention hearing was set for October 24, 2007.

## II. Discussion

### A. Probable Cause

Federal Rule of Criminal Procedure 32.1(b)(1) provides that a person charged with violating a condition of his supervised release is entitled to a "hearing to determine whether there is probable cause to believe that a violation occurred." On October 24, 2007, Vega waived his right to a preliminary revocation hearing and agreed that there was probable cause to believe that he had violated his conditions of release.

### B. Detention

When Vega was arrested for the offenses underlying his conviction, he was released on conditions pending trial in this Court, including that he not violate any local, state or federal law and that he not use any controlled substances. Vega's conditions of release were revoked and he was detained pending trial after twelve bags of heroin were discovered on his person when he was brought to a hospital emergency room after he was stabbed during an altercation (*See* Docket No. 23).

Vega's supervised release commenced on November 2, 2006. On April 17, 2007, Vega was arraigned in the Worcester District Court on charges of possession with intent to distribute a Class B controlled substance and a controlled substance violation in a school zone. He was initially held on $1,000 cash bail. Vega's bail was reduced to $500 resulting in his release on October 22, 2007. Vega expects that the state court charges will be reduced to simple possession and that he is facing up to a year imprisonment on those charges. If he is found to have violated his conditions of supervised release, as alleged, he faces a 12-18 month period of incarceration.

Fed. R. Crim. P. 32.1(a)(6) provides that a person charged with a violation of his supervised release may be released or detained pending a revocation hearing. However, "[t]he

burden of establishing that the person will not flee or will not pose a danger to any other person or to the community rests with the person." Fed. R. Crim. P. 32.1(a)(6).  I do not find that Vega has met that burden.  I sympathize with Vega's desire to spend time with his three children prior to what he acknowledges to be the near certain imposition of a period of incarceration.  However, Vega's pretrial release on the underlying charges was revoked as the result of his being found in possession of heroin.  Vega has acknowledged that there is probable cause to believe that he violated the terms of his supervised release by possessing and/or distributing heroin.  Under these circumstances, I find that he is a danger to the community.  Furthermore, he is facing 12-18 months incarceration for this violation.  While there are no defaults on his record (other than technical defaults), given that he appears to have relapsed and that he faces almost certain incarceration, I find that he presents a risk of non-appearance.  Therefore, in accordance with Fed. R. Crim. P. 32.1(a)(6), I find that Vega should be detained pending a revocation hearing before Judge Saylor on October 29, 2007 at 10:30 a.m.

### III.   Order of Detention Pending Revocation Hearing

In accordance with the foregoing,

IT IS ORDERED:

1. That Jonathan Vega be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That Jonathan Vega be afforded a reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Jonathan Vega is detained

and confined shall deliver him to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

## IV. RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b

/s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
MAGISTRATE JUDGE